IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERRY MITCHELL, JR.,

Plaintiff,

v.                                            1:16-cv-1932-WSD

FULTON COUNTY JAIL, et al.

Defendants.

OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins III's

Non-Final Report and Recommendation [4] ("R&R").

I.      BACKGROUND

On June 10, 2016, Plaintiff Terry Mitchell, Jr. ("Plaintiff") filed his *pro se*

Complaint [1], seeking relief under 42 U.S.C. § 1983 regarding the conditions of

his confinement at the Fulton County Jail in Atlanta, Georgia (the "Jail"). At the

time Plaintiff filed his Complaint, he was confined at the Jail.

On June 23, 2016, the Magistrate Judge issued his R&R. After screening

Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge

recommended that Plaintiff's deliberate indifference claim against Defendants

Carter and Artis and his excessive force claim against Defendant Escoffery be

allowed to proceed.  He recommended the Court dismiss without prejudice Plaintiff's excessive force claim against Defendant Gardner, and that Plaintiff's remaining claims and all other Defendants be dismissed.

On June 24, 2016, the Clerk of Court mailed the R&R to Plaintiff. (June 24, 2016, Certificate of Mailing).  On July 15, 2016, the R&R was returned as undeliverable.  ([6]).  The return envelope indicates Plaintiff has been released from the Jail.  (See id.).  A search of the Jail's online records reveals Plaintiff was released from the Jail on June 29, 2016.  (See http://justice.fultoncountyga.gov/PAJailManager/JailingSearch.aspx?ID=400 (last viewed August 24, 2016; searched for Terry Mitchell)).  Plaintiff has not provided to the Court his current address.

## II.    ANALYSIS

The Local Rules of the Court provide that a *pro se* party's failure to "keep the clerk's office informed of any change in address . . . which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice."  LR 41.2(B), NDGa. Plaintiff failed to keep the Clerk's office informed of his change in address, and thus he did not receive the R&R and the Court cannot proceed with the processing

of this action.  Accordingly, this action is dismissed under Local Rule 41.2(B) for Plaintiff's failure to inform the Clerk's office of his change in address.

**III.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2(B).

**SO ORDERED** this 25th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE